LAW OFFICE OF
**PETER A. ROMERO**

Peter A. Romero
promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

November 1, 2022

Hon. Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Echevarria v. The Pizzeria of Islip, LLC et al*
            22-cv-00653 (GRB) (SIL)

Dear Judge Brown:

      This firm represents the Plaintiff in the above-referenced action against his former employer alleging that Defendants violated the Fair Labor Standards Act and New York Labor Law by failing to pay him overtime wages when he worked more than forty (40) hours per week. Defendants, through their counsel, filed an Answer to the Complaint, which denied Plaintiff's allegations. The parties subsequently engaged in good-faith, arms-length negotiations that resulted in a settlement. We now seek approval of the parties' settlement of Plaintiff's FLSA claims pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties have memorialized their resolution in a Settlement Agreement and Release ("Agreement"), attached hereto as Exhibit A. The release set forth in the Agreement is limited to claims arising under the FLSA and NYLL. The Agreement does not contain any confidentiality or non-disclosure provision or non-disparagement provision.

      The Agreement is reasonable and in the best in interest of Plaintiff. The parties agreed to fully and finally resolve all of Plaintiff's claims by having Defendants pay Plaintiff a total amount of $14,000.00. Plaintiff believes the agreement is fair and reasonable under the circumstances. The parties held vastly different views regarding the number of hours worked by Plaintiff each week. The parties' respective views differed as to the extent of overtime hours worked by Plaintiff and the number of weeks, if any, that Plaintiff worked more than 40 hours per week during his employment with Defendants, and whether Plaintiff was paid all compensation that he was owed. Due to the fact-intensive nature of these inquiries, a resolution of this dispute would require depositions and trial. Accordingly, resolving the action on behalf of the Plaintiff at this early juncture provides certainty in that he will receive compensation for his alleged unpaid overtime wages.

      In light of the significant litigation risks outlined above, all parties believe that this settlement is fair. Although there is a possibility that Plaintiff could recover higher damages if the case proceeded to trial, there is also the possibility that he could receive much lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Moreover, Plaintiff will be able to recover settlement funds more expeditiously, and with more certainty, than a trial judgment, since the parties would need to take depositions and likely brief numerous motions on the merits before trial could commence.

LAW OFFICE OF PETER A. ROMERO PLLC • LABOR AND EMPLOYMENT LITIGATION
490 Wheeler Road, Suite 250, Hauppauge, New York 11788 • (631) 257-5588 • overtimelawny.com

As set forth in the attached Agreement, the parties have agreed to settle this action, pursuant to an appropriately limited release, for a total settlement amount of $14,000.00 (the "Settlement Amount").  The Settlement Amount includes $4501.40 for attorneys' fees and $495.60 for costs incurred. The attorney's fee represents one-third (33.3%) of the total settlement amount after deducting for expenses and is reasonable.  The costs include $402.00 for the court's filing fee and $93.60 for service of the Amended Complaint upon the Defendant ITRI Bros, Inc., a party that did not waive service.  Plaintiff's counsel researched and investigated the claims, conducted an in-depth and detailed inquiry regarding their job duties, hours worked and compensation, commenced this action, prepared a detailed assessment of damages, and negotiated the settlement. Due to the contingent nature of the case, Plaintiff's counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiff's counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured a favorable result on the Plaintiff's behalf.

In short, the settlement is the result of substantial negotiations and compromise by both parties.  The parties believe that the proposed settlement is completely fair, reasonable, and adequate to the Plaintiff in light of the risks of litigation and should be approved.

Respectfully submitted,

*/s Peter A. Romero*

PETER A. ROMERO

cc:  All counsel of record via ECF